FILED - LN
June 21, 2021 10:45 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: jlg / _____ SCANNED BY ao 6/22

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

WILLIAM G. WIZINSKY AND
ANN M. WIZINSKY,

       Plaintiffs,     Case No. 1:21-cv-496
                    Hon

v.

LEELANAU TOWNSHIP, THE SHORES
HOMEOWNERS ASSOCIATION, T. SETH KOCHES,
KARRIE A. ZEITS; BAUCKHAM, SPARKS,
THALL, SEEBER & KAUFMAN;
PC, SONDEE, RACINE & DOREN, PLC;
LEELANAU COUNTY, CHET JANIK, PAUL HUNTER,
STEVE PATMORE AND UNKNOWN FINANCERS OF LITIGATION,

       Defendants,
_____/

William G. Wizinsky and Ann M. Wizinsky
Plaintiffs In Pro Per,
250 Pleasant Cove Drive
Novi, Michigan 48377
(248) 219-1225
wwizinsky@aol.com
_____/

# EXPEDITED CONSIDERATION REQUESTED

# MOTION FOR NAME OF UNKNOWN FINANCER(S) TO ENSURE DEFENDANTS PROPERLY SERVED AND REQUEST FOR DOCUMENTS TO CONFIRM MONEY TRAIL

Plaintiff in Pro Per requests the Court to order all Defendants; to reveal the name and ensure the

the financers of the litigation are served to the entity, persons or person a copy of the summons

Unknown Financer of Litigation.

1

Plaintiff knows Defendant The Shores and Defendant Leelanau Township could not afford to maintain litigation against Plaintiffs. The Shores only income is from yearly maintenance fees. Therefore, income to pay for the continued litigation had to come from another source. Plaintiff believed Leelanau Township was funding The Shores litigation. They became joint-plaintiffs in the Leelanau County Circuit Court Case that was filed against Plaintiffs. They filed jointly to save money combining Township public funds with private The Shores funding. This is in violation of the Michigan State Constitution **Article IX§ 18** as per **Exhibit 1**. Also as per the State Of Michigan Treasury Office Schedule H **Exhibit 2.**

Using taxes to fund a HOA was violation of the State Constitution as per case law:

**Skutt v. City of Grand Rapids, 275 Mich 258 (1936),** *the Supreme Court discussed the concept of "public policy.". **Taxes are to be raised for specific purposes, and public money cannot be used to further a private enterprise.** Circuit Judge, 128 Mich. 438, 87 N.W. 376: (129 N.W. 683)* **Kimmerie v. Cassopolis, 160 Mich. 90,125 N.W. 65;** *Black v. Common Council, 119 Mich.572, 78N.W. 660 " Furthurmore, the evidence shows that the agreement to pay $5,000 to the Block Company **was an attempt to use public moneys in furtherance of a private enterprise, which agreement the council could not lawfully make.** We are therefore constrained to affirm the decree of the circuit court, with costs.*

And as per: **"LEGAL EXPENSES A governmental unit is not authorized to expend public money to assist residents with legal cost** …." From the State of Michigan Treasury, **Exhibit 2.** The State of Michigan does not allow Townships to expend public funds to assist litigation of private citizens legal costs.

In the mediation Seth Koches told Plaintiff's attorney they wanted to settle because they do not have the money to sustain litigation.

A third party must have had financed this litigation to sustain it. Plaintiff believes in the closed meeting where on September 11, 2018, **Exhibit 3** where they falsified the Agenda to hide what

2

they were doing and had a closed unlawful session violation their own Leelanau Township Ordinances, the Michigan Zoning Enabling Act and the Open Meetings Act.

These people all know they were violating the Open Meetings Act, The Township Zoning Ordinances and the MZEA, the due process required by all is applied to all white people in the community as a matter of practice. They wanted zero attendance and zero people to know about what they were doing so the Agenda was falsified. Even a Retired Judge confirmed the money was embezzled, as this was normal process for systemic racism. The Shores did not have the funds to sue Plaintiffs for a fraudulent frivolous lawsuit. So, in an illegal operation on September 11, 2018 at a Township Board Meeting they asked the Board to become co-plaintiffs in the litigation to help pay for the frivolous litigation. From the agenda **Exhibit 3**

**"CLOSED SESSION- THE PURPOSE OF THE CLOSED SESSION IS TO DISCUSS FOXVIEW HOMEOWNERS ASSOCIATION REQUEST."**

There is no Foxview Drive HOA, thereby nobody would care and attend. There is no notice about lot 11 or a zoning violation, where both would require an open meeting. The Township knowingly violated the MZEA and Open Meetings Act to embezzle public funds to assist a private entity litigation. Appellees violated the Open Meeting Act, under 15.268 Closed sessions; permissible purposes. **Exhibit 4** By having a closed meeting and not meeting the criteria for a closed meeting. The MZEA under MCL 125.3701 requires compliance with Open Meetings Act. In doing this, they violated Plaintiffs's "due process rights" under US Constitution due process of law . This is an illegal "takings claim" under 42 USC §1983 and substantial due process claim against both the County and the Township. The Township in this meeting knew they were committing fraud on Plaintiffs and the Township people. They voted then with a motion for a closed meeting using the false HOA name. **Exhibit 5 "MOTION PASSED 5-0**

1. **IS IN CLOSED SESSION TO DISCUSS FOXVIEW HOMEOWNERS ASSOCIATION REQUEST."**
2. **ACT ON DISCUSSION FROM CLOSED SESSION**

**MOTION MADE BY DUNN, SECOND BY VAN PELT TO JOIN <u>THE SHORES</u> HOME-OWNERS ASSOCIATION AS CO-PLAINTIFF'S CONCERNING ZONING ORDINANCE VIOLATIONS, AS RECOMMMENDED BY TOWNSHIP ATTORNEY SETH KOTCHES. MOTION PASSED 5-0"**

Defendants got The Shores name correct in the actual motion for legal purposes, but just above they used the "**Foxview**" name. Defendants knew they were violating the law and disguised it. **"CONCERNING ZONING VIOLATIONS"** is the only public record of an alleged zoning violation, there is no other record other than the filed litigation by Defendants. Defendants have provided zero evidence of a zoning violation before that date. The only document that exists is the litigation. Plaintiffs found out about the alleged violations when he was served in October of 2018. Appellant hired an attorney eventually costing him over $35,000 in litigation costs versus $100 fine which is required prior to litigation. **<u>Is this equitable justice?</u>**

Plaintiff alleges in this closed meeting they discussed the financing of the litigation, how much the Township would contribute how much The Shores would contribute and how much the third party to finance the litigation would contribute. The litigation was not sustainable by these two Defendants and thereby a third party had to contribute or fully pay for the litigation to the litigation for their ulterior motive. In **Exhibit 6,** Defendant sought costs for defending a motion to repay The Shores and Leelanau Township. If a third party paid the money Defendants Seth Koches and Karrie Zeite committed fraud upon the Court alleging payment was for their clients versus a third-party banker.

Plaintiff alleges that in filing reimbursement for money to be paid back to the Attorneys paid by a third party is fraud upon the Court since the third party or financer of the litigation is financing

4

directly or indirectly the litigation through one of the other entities. Proof to this funding is **Exhibit 6** showing black out of costs for the date 5/11/2021.

The Bill states Shores Home Owner Association without the address, other costs not part of the services but possibly services for the Township through Zeits related to the Shores.

Plaintiff has asked for full disclosure from the Shores of a copy of the billings and accounting because the math does not add up. Plaintiff as a member of the Shores HOA has a right to that information of the spending of the HOA and Defendant The Shores has ignored the requests over the years. Plaintiff's neighbor owner of lot 12 Steven S. Holmes trustee of the Christine E. Kaeser Trust is a wealthy member of the HOA and has a direct interest of the removal of Plaintiff's home and family from the community. He has recently bought lot 13 and has put money into his home. He may have an interest to purchase of lot 11 or deny use of lot 11 for additional barrier for privacy. The State of Michigan Civil Rights Division advised Plaintiffs that some well-placed evergreen trees would make Plaintiffs home invisible for privacy all year long. Both properties are about 2 acres and heavily treed. The foliage during the summer pretty much hides both homes from each other, but in the other three season they are visible. Thereby The SOM Civil Rights Division informed this issue was resolvable with landscaping. Plaintiff's home was built years prior to the home on lot 12 and Steven S. Holmes trustee of the Christine E. Kaeser Trust is the third owner of the property. Plaintiff only used his property during the summer month and usually less than 30 days a year. Plaintiffs were no nuisance for 23 years, but Plaintiffs after the adoption of their African American daughter became a nuisance to all Defendants.

Steven S. Holmes trustee of the Christine E. Kaeser Trust is more than likely the financer of the litigation. A wealthy trust ;possibly made other payments made to corrupt public officials to

deny due process and equal treatment under the law could have been another motive for the disparate treatment received by Plaintiffs by other Defendants and even their attorneys, other than direct fee payments for legal costs.

All Defendants conspired together and violated jointly Plaintiffs US Constitutional Rights of due process, equal treatment under the law as a continuous as per the Continuous Violation, Doctrine violating Federal and State Statutes, Ordinances and Codes, coercion and abuse of process. Defendants appear to have directly and indirectly commit fraud upon the Leelanau Circuit Court , the Michigan Court of Appeals and possibly the US District Court Western Division. Plaintiff had seen Defendant Attorneys violate the Michigan Rules of Professional Conduct. Thereby the litigation would have never been filed had they adhered to the MRPC, their official fiducial duties of the Leelanau Township Attorney and The Shores HOA Attorney. This may even apply to the Leelanau County Attorney, although he was not directly involved in the original Circuit Court litigation. His client Defendant County and has introduced fraudulent evidence that he knows is fraudulent to the varies courts and tribunals directly or indirectly through his counterparts, thereby may be guilty of violating MRPC and Fraud upon the Court. If a third party is financing the County litigation, that is an ulterior motive for the County to falsify documents, deny due process, equal treatment under the law to Plaintiffs. County Public officials did deny these basic rights to Plaintiffs, if pay offs were paid or the litigation funded by the third party to do a third-party bidding is the oldest kind of corruption on the record. A third-party financer funding a coplaintiff litigation of The Shores and Leelanau Township is funding government to sue Plaintiffs for a non-existant zoning violation and a non-existant protective restriction from the HOA. This is using the government authority and HOA authority for an ulterior motive and was a motive for denied due process and unequal treatment under the law.

Plaintiffs filed this Motion are seeking all Defendants who received the Unknown Financers of Litigation Summons to serve the Unknown Financers of the Litigation since they know whom is paying the Bills. Defendants are to list all financers of the litigation; their names, addresses, phone numbers and how much money they have spent up to this date on all legal fees, costs , and all other expenses (such as the private detective )from 2015 to present and for what action.

Plaintiff is requesting all billings by all attorneys send copy of those billings as unredacted copies; a copy of the statements showing they were paid and copy of the checks by the Defendants that paid them so a clear accounting can be seen , who paid what to ensure all proper parties are served and to see the additional ulterior motives for the disparate treatment upon Plaintiffs.

Therefore, to ensure Plaintiffs knows all Defendants involved in the financing Plaintiff requests that the Shores shows all income from 2015 to present, all expenses, and copy of all checks going out to pay those expenses. The money may unlawfully come from the reserves for care of the common property. This is the information Plaintiff should have received as a member of the HOA but has been denied for six years. Such information used to be published, but no longer.

Plaintiff wants all billings for all services directly related to The Shores, Lot 11 and by the Township and the County Attorneys about Plaintiffs permits, lot 11, construction appeals hearing and SOM BCC hearing, and 2015 from all attorneys and showing the billings and the payments to Attorneys by Defendants.

Wherefore Plaintiffs prays the Court grants Plaintiffs Motion to ensure all party are served. Plaintiff prays the Court grants his motion to receive the documents request to ensure all parties have been identified grants the following unredacted billing showing payment of legal fees and

7

cancelled checks and receipts paid in full; related to the Circuit Court Case and Appeals, the Michigan Supreme Court, the Federal Cases and Appeals and all legal fees for hearings and advice related to Plaintiffs, their property and all Meetings, Hearings, Tribunals and Court Proceedings. Plaintiff prays The Shores is made to release from 2015 to present all copies of the financials of income in and payment of the bills, copy of checks for payment and from what accounts including the reserves for each year.

Respectively submitted,

William G. Wizinsky

Ann M. Wizinsky
Plaintiffs In Pro Per
(until Council is retained)
250 Pleasant Cove Drive
Novi, MI 48377

Dated: June 16, 2021

## **PLAINTIFFS BRIEF IN SUPPORT OF HIS MOTION**

As per the following Court Rules Plaintiff has a right to file this motion.

TITLE III. PLEADINGS AND MOTIONS Rule 7. Pleadings Allowed; Form of Motions and Other Papers (a) PLEADINGS. Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counter claim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. (b) MOTIONS AND OTHER PAPERS. (1) In General. A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought. (2) Form. The rules governing captions and other matters of form in pleadings apply to motions and other papers. (As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Apr. 28, 1983, eff. Aug. 1, 1983; Apr. 30, 2007, eff. Dec. 1, 2007.)

Rule 26. Duty to Disclose; General Provisions Governing Discovery (a) REQUIRED DISCLOSURES. (1) Initial Disclosure. (A) In General. Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party—who must also make Rule 26 FEDERAL RULES OF CIVIL PROCEDURE 38 available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and (iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Wherefore Plaintiffs prays the Court grants Plaintiffs Motion to ensure all party are served .

Plaintiff prays the Court grants his motion to receive the documents request to ensure all parties have been identified grants the following unredacted showing payment of legal fees and cancelled checks and receipts paid in full; related to the Circuit Court Case and Appeals, the Michigan Supreme Court, the Federal Cases and Appeals and all legal fees for hearings and advice related to Plaintiffs, their property and all Meetings, Hearings, Tribunals and Court

Proceedings. Plaintiff prays The Shores is made to release from 2015 to present all copies of the financials of income in and payment of the bills, copy of checks for payment and from what accounts including the reserves for each year.

Dated: June 16, 2021

Respectively submitted,

William G. Wizinsky

Ann M. Wizinsky
Plaintiffs In Pro Per
(until Council is retained)
250 Pleasant Cove Drive
Novi, MI 48377

## CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.2

I hereby certify that this Brief using Microsoft Word the version that came on my computer in 2017, and the Brief contains 596 words in the text and footnotes. Exclusive of the caption, index, signature, and this certificate.

William G. Wizinsky

## CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.1(d)

I hereby certify I could not comply to this because this was written when the Complaint was in the mail being served to Defendants. This Motion was written to ensure service to the Unknown Financer of the Litigation. Plaintiff did not know the Defendants representation to contact to ask for stated concurrence since they had not even been served.

William G. Wizinsky

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument:

# MOTION FOR NAME OF UNKNOWN FINANCER(S) TO ENSURE DEFENDANTS PROPERLY SERVED AND REQUEST FOR DOCUMENTS TO CONFIRM MONEY TRAILV C

was served upon the party below by filed with the Clerk of the Court herein at their respective addresses on the pleadings on June 17, 2021 by US Mail.

BAUCKHAM, SPARKS, THALL,
SEEBER & KAUFMAN, P.C.; Seth Koches
And Unknown Financer of Litigation
470 W. Centre Ave. Suite A
Portage, MI 49024

LEELANAU TOWNSHIP. Steve Patmore
And Unknown Financer of Litigation
119 E NAGONABA ST.
NORTHPORT, MI 49670

LEELANAU COUNTY
Chet Janik and Paul Hunter
8527 E. Government Center Dr.
Suttons Bay, MI 49682

SONDEE, RACINE & DOREN, PLC, Karrie Zeits,
And Unknown Financer of Litigation
310 W. Front Street, Suite 300
Traverse City, MI 49648

THE SHORES HOA and Unknown Financer of Litigation
Care of: Todd Hoogland
11907 N. Foxview Dr.
Northport, MI 49670

STEPHEN S. HOLMES, TTEE
CHRISTINE E. KAESER TRUST
Unknown Financer of Litigation
602 Miami
Terrace Park, OH 45174

_____
William G. Wizinsky





- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions
- USPS Tracking® included for domestic and many international destin
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at *http://pe.usps.com*.
** See International Mail Manual at *http://pe.usps.com* for availability and limitations of co

# FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

# TRACKED ■ INSURED

To schedule free Pack
scan the QR c



EP14F May 2020
OD: 12 1/2 x 9 1/2



USPS.COM/P