UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY and
ANN M. WIZINSKY,

    Plaintiff,

v.

LEELANAU TOWNSHIP, THE SHORES
HOMEOWNERS ASSOCIATION, T. SETH
KOCHES, KARRIE A. ZEITS; BAUCKHAM,
SPARKS, THALL, SEEBER & KAUFMAN, PC;
SONDEE, RACINE & DOREN, PLC; LEELANAU
COUNTY, CHET JANIK, PAUL HUNTER,
STEVE PATMORE and UNKNOWN FINANCERS
OF LITIGATION,

    Defendants.
_____

Case No. 1:21-CV-496

HON. JANET T. NEFF
MAG. JUDGE SALLY J. BERENS

## DEFENDANT STEPHEN HOLMES' RESPONSE TO PLAINTIFFS' MOTION FOR EARLY DISCOVERY

Defendant Stephen Holmes, in response to Plaintiffs' motion for early discovery, request that this Court deny the motion, as it violates Fed. R. Civ. P. 26. In support of this motion, defendant relies upon the attached brief in support.

    Respectfully submitted,

DATED: August 4, 2021    PLUNKETT COONEY

    BY:   /s/Michael S. Bogren
        Michael S. Bogren (P34835)
        Attorney for Defendant HOLMES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY and
ANN M. WIZINSKY,

    Plaintiff,

v.

LEELANAU TOWNSHIP, THE SHORES
HOMEOWNERS ASSOCIATION, T. SETH
KOCHES, KARRIE A. ZEITS; BAUCKHAM,
SPARKS, THALL, SEEBER & KAUFMAN, PC;
SONDEE, RACINE & DOREN, PLC; LEELANAU
COUNTY, CHET JANIK, PAUL HUNTER,
STEVE PATMORE and UNKNOWN FINANCERS
OF LITIGATION,

    Defendants.
_____

Case No.  1:21-CV-496

HON.  JANET T. NEFF
MAG. JUDGE SALLY J. BERENS

### **DEFENDANT STEPHEN HOLMES' BRIEF IN SUPPORT OF RESPONSE TO PLAINTIFFS' MOTION FOR EARLY DISCOVERY**

Plaintiffs' motion for discovery is little more than an attempt to conduct a fishing expedition disguised as "early discovery" in contravention of the Federal Rules of Civil Procedure. Plaintiffs filed their complaint on June 14, 2021. (ECF No. 1). Defendants Karrie A. Zeits and Sondee, Racine & Doren, PLC filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 7, 2021, which is still pending at this time. (ECF No. 23). Defendant Stephen Holmes has also informed Plaintiffs of his intention to file a similar motion under Fed. R. Civ. P. 12(b)(6).

### **Argument**

The discovery requests made by Plaintiffs are in violation of the Federal Rules of Civil Procedure, specifically Rule 26(d)(1), which states "[a] party may not seek discovery from

any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by [the court] rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). There has been no Rule 26(f) conference, and there has therefore been no proper service of the Plaintiffs' Rule 34 requests.

Federal Rule of Civil Procedure 26(d)(1) does permit a court to exercise discretion in allowing expedited discovery where it could be deemed worthwhile. District courts within the Sixth Circuit limit expedited discovery to circumstances showing "good cause." See, e.g., *Holden v. Jensen*, No. 1:10-cv-697, 2010 WL 2992201 at *1 (W.D. Mich. July 27, 2010.)(**Exhibit A**); *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 WL 5639928, at *2 (E.D. Mich. Mar. 31, 2017)(**Exhibit B**). The party seeking the expedited discovery has the burden of demonstrating good cause to justify the expedited discovery.

Plaintiffs have failed to offer any good cause in their motion that would conceivably justify expedited discovery. The motion and its brief in support are yet another retelling of the same allegations that make up the voluminous complaint. These claims are precluded by res judicata, are barred by a signed release and waiver, and fail on their merits. They are not justification for expedited discovery.

Plaintiffs are hoping to get a treasure trove of documents and interrogatories before the Court can rule on the Rule 12(b)(6) motions that are pending or will be brought by the defendants. These Rule 12(b)(6) motions are based on the pleadings, and in seeking discovery on questions well beyond the scope of those pleadings prior to the Rule 26(f) conference, This Court's review of documents in conjunction with Rule 12(b)(6) motions is limited to the pleadings, public record, exhibits, and documents referenced in the complaint.

Fed. R. Civ. P. 12(d); *Bassett v. National Collegiate Athletic Association*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001)). Until it can be established that the Plaintiffs allegations in their complaint is potentially viable the Defendants should not be forced to undertake the cost and burden of Plaintiffs' discovery demands.

## Conclusion

For the above-stated reasons, Defendant Stephen Holmes requests that this Court deny Plaintiffs' Motion for Early Discovery.

                                        Respectfully submitted,

DATED: August 4, 2021                    PLUNKETT COONEY

BY:   */s/Michael S. Bogren*
        Michael S. Bogren (P34835)
        Attorney for Defendant HOLMES

BUSINESS ADDRESS:
333 Bridge Street, N.W., Suite 530
Grand Rapids, Michigan 49503
**Direct Dial:** 269/226-8822
mbogren@plunkettcooney.com

Open.00391.13339.26920605-1