UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM G. WIZINSKY, et al.,

     Plaintiffs,

                                      Case No. 1:21-cv-496

v.

                                      HON. JANET T. NEFF

LEELANAU TOWNSHIP, et al.,

     Defendants.

_____/

**OPINION AND ORDER**

       This is the latest case arising out of dispute concerning real property located in Michigan's Leelanau Township.  Plaintiffs William G. Wizinsky and Ann M. Wizinsky filed this pro se complaint alleging various federal and state law claims against Defendants.[1]  Defendants Zeits, Holmes, and Koches each filed Rule 12(b)(6) Motions to Dismiss (ECF Nos. 23, 64, and 68).  The County Defendants and the Township Defendants filed Motions to Dismiss and/or for Judgment on the Pleadings (ECF Nos. 76 and 89).  The HOA filed a Motion to Dismiss and/or for Summary Judgment (ECF No. 98).  In addition, all Defendants, except Zeits, filed Motions for Rule 11 Sanctions (ECF Nos. 87, 88, 101, 142, and 166).

---

[1] The Court will use the same Defendant groups as the Magistrate Judge: (1) Leelanau County, County Administrator Chet Janik, and County Building Official Paul Hunter (collectively the County Defendants); (2) Leelanau Township and Township Zoning Administrator Steve Patmore (collectively the Township Defendants); (3) the Shores Homeowners Association (HOA); (4) Karrie A. Zeits and Sonde, Racine & Doren, PLC (collectively Zeits); (5) T. Seth Koches and Bauckham, Sparks, Thall, Seeber & Kaufman, PC (collectively Koches); and (6) Steven Holmes.

On January 12, 2022, the Magistrate Judge issued a Report and Recommendation (R & R), recommending that the Court grant Defendants' motions.  Plaintiffs filed objections to the R & R (ECF Nos. 185 and 186).  Defendants filed responses (ECF Nos. 187, 188, 189, 190 and 193).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objection has been made.  For the reasons stated below, the Court denies the objections, approves and adopts the R & R, and issues this Opinion and Order.

## I.     Objections

Upon receiving an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 508–09 (6th Cir. 1991)).  A general objection that fails to specify the issues in contention equates to no objection. *Id.*  Moreover, objections are not a vehicle to rehash old arguments without explaining why the Magistrate Judge erred in rejecting the arguments. *Jarbou v. JPMorgan Chase Bank N.A.*, 611 F. App'x 342, 343-44 (6th Cir. 2015); *Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, *3 (W.D. Mich. March 28, 2013).

Plaintiffs' lengthy objections, consisting of 70 pages and over 600 pages of exhibits, are difficult to discern.  The majority of Plaintiffs' statements and arguments do not address any specific portion of the R & R.  Plaintiffs appear to make various factual allegations relating back

to the underlying claims of the case instead of presenting objections under the standards applicable to the Magistrate Judge's R & R.

Although Plaintiffs disagree with the Magistrate Judge's conclusions, they make no meaningful attempt to address the Magistrate Judge's analysis. For example, Plaintiff states that the state claims should be dismissed without prejudice if the Court decides to dismiss the entire Complaint (ECF No. 185 at PageID.5046). In the R & R, the Magistrate Judge carefully evaluated Plaintiffs' state law claims and determined that they fail for a variety of reasons, including statute of limitations and governmental immunity grounds (ECF No. 184 at PageID.5023-5027). The Magistrate Judge determined that the state law claims fail on the merits and that they should be dismissed with prejudice (*id.*). Plaintiffs do not make any attempt to address any of the Magistrate Judge's reasoning and, instead, argue that the State of Michigan Civil Rights Division is investigating Defendants' "violations of state statutes, zoning ordinances and codes" (ECF No. 185 at PageID.5046). This argument is irrelevant and has no bearing on the Magistrate Judge's thorough analysis. "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017). The Court, therefore, denies Plaintiffs' objections that fail to satisfy the specificity requirement.

Plaintiffs' main argument is that this case is different than *William G. Wizinsky v. Township of Leelanau*, et al. (*Wizinsky* I), No. 1:19-cv-191 (W.D. Mich.), and *William G. Wizinsky v. Leelanau County, et al.* (*Wizinsky* II), No. 1:19-cv-894 (W.D. Mich.). They state that their lawsuit is not an attempt to take a second bite at the same apple, but rather an attempt to take a bite at a different apple from the same tree (ECF No. 185 at PageID.5035). The majority of the allegations

3

in Plaintiffs' Complaint mirror the allegations in the *Wizinsky II* complaint.  Plaintiffs again repeat

the same due process allegations that the enlarged gazebo was in compliance with the zoning

ordinance and building codes.  The Magistrate Judge correctly determined that those issues became

moot once the parties entered into the Settlement Agreement.  Furthermore, the Magistrate Judge

correctly concluded:

> While Plaintiffs' instant claims include allegations regarding post-Settlement
> Agreement, post-*Wizinsky II* events based on "the 2020 Zoning Appeal hearing and
> process" and the demolition of the gazebo and/or the timing thereof (ECF No. 1 at
> PageID.81, 88, 95, 97–98, 100, 109), the Settlement Agreement (ECF No. 1-6), the
> pocket judgment, and Judge Elsenheimer's related Order entered in October 22,
> 2019 (which remains binding on the parties and this Court) clearly evince the
> parties' intent that the terms of those documents fully and finally resolved all
> matters relating to the gazebo and that Plaintiffs could not thereafter revive their
> rights to assert claims based on those issues simply by initiating an administrative
> appeal or filing a federal lawsuit.

(ECF No. 184 at PageID.5012).   In addition, Plaintiffs' new attack against the Settlement

Agreement is without merit because the source of financing for the state lawsuit was not a material

issue discussed during the mediation that produced the Settlement Agreement (*id.* at PageID.5009).

Plaintiffs also argue that the sanction of $40,000 in attorney fees is unnecessary because

this is the last case and "there are no more apples" (ECF No. 185 at PageID.5036).  Moreover,

Plaintiffs cite to their state court case in which the Michigan Court of Appeals did not award

attorney fees. Having carefully reviewed the entire record, the Court agrees that a monetary

sanction is appropriate in this case.  In *Wizinsky II*, the Magistrate Judge found that William

Wizinsky violated Rule 11 based on (1) false allegations regarding a Michigan Department of Civil

Rights investigator's findings; (2) baseless claims of racism against the County, as well as the

HOA and the Township, which violated the Settlement Agreement; and (3) false allegations that

the County was involved in the state case (*Wizinsky II*, ECF No. 75 at PageID.4149-4152).  Despite

this finding, the Magistrate Judge did not recommend monetary sanctions because of William

Wizinsky's *pro se* status (*id.* at PageID.4152-4153).  This Court agreed but stated: "Plaintiff is placed on notice that future duplicative or repetitive filings, including post-judgment motions, may result in Plaintiff being placed on 'restricted filer' status, in order to mitigate the continuing burden on this Court's limited resources, and also may result in the imposition of monetary sanctions against Plaintiff" (*Wizinsky II*, ECF No. 82 at PageID.4973).

Less than a year later, Plaintiffs filed the instant lawsuit and make the same unsupported claims of racism and continue their baseless attacks against the Settlement Agreement.  Plaintiffs have not shown that they will be deterred from filing another frivolous lawsuit in the future based on the same baseless allegations.  The Court finds that a monetary sanction of $40,000 is warranted because it will deter future frivolous lawsuits.

In sum, Plaintiffs' arguments fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.  Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.

## II.      Motions

After the issuance of the R & R, Plaintiffs filed replies to Defendants' responses (ECF Nos. 194, 195, 196, and 199).  Defendants filed a motion to strike the replies (ECF No. 197).[2]  Plaintiffs then filed a motion for leave to clarify their objections (ECF No. 201). The HOA filed a response (ECF Nos. 206), and Zeits filed a motion for joinder (ECF No. 207).

The local rules do not permit Plaintiffs to file a reply without leave of court. *See* W.D. Mich. LCivR 72.3(b).  Because Plaintiffs did not seek leave of court before filing the replies, the Court will grant Defendants' motion to strike.  Furthermore, to the extent Plaintiffs' motion for

---

[2]  The Court notes that Plaintiffs filed their fifth reply (ECF No. 199) after Defendants filed their motion to strike.

leave to clarify is an attempt to ask for leave to file a reply and not simply a reply, the motion will be denied.  Plaintiffs have failed to show good cause or that any further briefing is necessary.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 185 and 186) are **DENIED** and the Report and Recommendation of the Magistrate Judge (ECF No. 184) is **APPROVED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss and/or for Judgment on the Pleadings and/or for Summary Judgment (ECF Nos. 23, 64, 68, 76, 89, and 98) are **GRANTED**.  Plaintiffs' Complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Holmes', Koches', the County Defendants', the HOA's, and the Township Defendants' Motions for Sanctions (ECF Nos. 87, 88, 101, 142, 166) are **GRANTED**.  The Court awards fees in the amount $40,000, with each Defendant group to receive an equal share of $8,000.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall place Plaintiff on Restricted Filer status.  Any further action Plaintiffs file in this Court relating to the subject matter asserted in *Wizinsky I–III* shall be screened before service, regardless of whether Plaintiffs have paid the filing fee.

**IT IS FURTHER ORDERED** that the Motion to Strike (ECF No. 197) is **GRANTED**. Plaintiffs' replies (ECF Nos. 194, 195, 196, and 199) shall be **STRUCK** from the record.

**IT IS FURTHER ORDERED** that the Motion for Joinder (ECF No. 207) is **GRANTED**, and Plaintiffs' Motion for Leave to Clarify (ECF No. 201) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Joinder (ECF No. 212) is **MOOT** because the Court has ruled on the related motion.

A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.


Dated:  August 2, 2022                                         /s/ Janet T. Neff
                                                       JANET T. NEFF
                                                       United States District Judge